Good morning, and welcome to the Ninth Circuit. Before we begin, Judge Miller and I would like to welcome and to thank Judge Pragerson, who is here with us today and tomorrow, helping out from the District Court in the Central District in Los Angeles. Welcome, and thank you for coming. Thank you. Also, I'd like to welcome, we've got some high school students here. We're not going to do anything different from what we ordinarily do, so you're just going to watch the real Here we go. We've got one case submitted on the brief, Singh v. Barr. We've got five argued cases, the first of which is De Leon-De Leon v. Barr. Is that right? I think I got the order correct. When you're ready, counsel. Good morning. May it please the Court, my name is Charles Bonneau III, and I represent Mr. De Leon-De Leon, who is the petitioner in this matter. I'd like to respectfully reserve two minutes for rebuttal. Okay, the clock counts down, and your total time is ten minutes, so when it gets to two, that's when you are. We'll try to help you, but keep track of the clock. Thank you, Your Honor, and I understand I'll look for the yellow light. There you go. In fact, we just occupied 30 seconds of this back and forth. If you could start at the beginning at ten. Thank you, Your Honor. There you go. Okay. Your Honors, this case involves some complex legal issues of burdens of proof and standards, but for my client, it's really more about life and death. There's been serious attacks on his family, and under that guise, I think this case needs to be heard and considered under that premise, under that understanding, under that reality. Right, and the immigration judge found him credible, so we take everything he said as the truth we're accounting of what he knows. The hard part is whether he's been able to establish a connection to the original sort of investigation and then conviction of the Mr. Gandini, and it's Mr. Gandini and his revenge that's been responsible for the killings and the threats. And the I.J. said, you've not convinced me that there is a connection sufficient to warrant asylum, even though the I.J. was willing to make as cognizable the family group. So tell us why there's enough evidence here to make the connection between Mr. Gandini and the killings and the threats. Well, the benefit of the present day is that we have new evidence that was raised in the motion to reopen of Mr. DeLeon, DeLeon's nephew, nine years old, being slashed in the face or mutilated by a pair of pliers. A group of men came up to him on the street and just then proceeded to say, we're going to we're going to kill Mr. DeLeon. We're going to kill your uncle. And we're just waiting for the orders. And that was in 2016, your honor. Ten years after Mr. DeLeon, DeLeon left Guatemala. So I don't think there's any other logical inference to make as to based on the evidence that we have as why why else would they threaten him? While where else is this threat coming from? There's absolutely no evidence of any other reason why someone would would go after this nine year old child to send a message to my client who hasn't been there for 10 years. I don't I think it's been talked about that this is a random act, that these are a series of unfortunate events. But I think that that's just not looking at everything in in the in reality. I don't I think they the DeLeon DeLeon family would have to be one of the most unlucky families in history to have apparently serial murderers going after their family one time in 2000 and then with a pair of pliers. There were also some threats. Can you outline those? Right. There were threats in 2002 to they were delivered to petitioners mother and they said Mr. DeLeon DeLeon is the next to die. And there were 10 threats over 30 days. The family understandably was upset and they tried to get to the police. Police did nothing. And this is all set for forth in the in the in my client's testimony at the immigration court. And they cut the phone line after 30 days and skipped town to try to to try to hide from this. And, you know, eventually it came it came back again in 2011. My my client's other family member was was shot in a shop and it was my client's. My client's uncle was shot in his own shop and his nephew was shot also. And my client's nephew was was also shot, left to die, survived. They didn't take anything. They didn't take anything from from the 2011 murder. They didn't take anything from the 2002 murder. What I mean is these weren't robberies. These were apparently random killings. But that's that doesn't add up when you look at the fact that Mr. Gandini stood up in open court in 2000 and said, I may be going away for a while and ask a question. Yes. So the thing that sort of jumps out at me is who is Gandini? And if he's got all of these folks that are willing to do this, these terrible acts of violence, there's nothing that says that he's alive, that he's in custody, that he runs organized crime ring. That part of it, you know, the the sort of scorched earth kill everyone is horrifying and it seems not random unless that whole area is a war zone. But and maybe it is. But my concern is who is he and what what is the nexus that gives him that kind of power to continue to do these these things? There's no evidence. And if he's so powerful and can do all these things, it seems like that would make it easier to be able to discern his connection or his whether he's alive. I think the fact that these murders are happening and these attacks are happening is evidence of who Gandini is. I don't think there's any other reason for the attacks. And so true. We don't know. Is he part of some we do know that he stood up and said, You're all gonna die when I go when I go away for what for what you've done and getting me sentenced and convicted. And and then after that, my client's family has been killed, and my client has been directly threatened. So I don't know who he is, but he's dangerous. I mean, these things are happening, and the only logical reason they became, you know, a different place after 2000. But there was a pretty significant lapse of time between the first killing and some of the threats and then the later events. And doesn't that your inference might still be a reasonable one, but doesn't that lapse of time suggest that the board's inference might also be a reasonable one, such that I mean, because it because you have to not only reasonable, but that it's compelled by the record, right? Right. And I think that is a question more for the immigration judge. We need to show that this there's a reasonable likelihood of success if it goes back to the immigration judge and the immigration judge said, No, I mean, this is on substantial evidence review. So you need to show that the record compels the conclusion that all of these acts are connected to the family group, right? I'm not sure about that, about that as a standard. I think the problem is that the board applied the wrong standard. So we don't know what the board said. The board said it could not conclude as to whether or not my client had established this case. And I think, again, the standard, as far as I'm aware, in my understanding is not that we have to show a compelling evidence, but that we have to show a reasonable likelihood of a changed outcome, that if this came in front in front of the immigration court again, then the result could be different. I think that there's a different standard for a motion to reopen. That's my understanding. And if I could reserve unless there's more questioning. No, I think reserve and you'll have a chance to respond. Thank you. Good morning, Your Honors. May it please the Court, Jonathan Ross for the Attorney General. The attacks that Mr. DeLeon's uncles and stepfathers faced are heartbreaking, as are the threats that his family members experienced. But as Your Honors correctly noted today, this is a case that is reviewed for clear error, at least the portion of his withholding of removal claim. Clear error, is that right? I mean, we're asked to review the evidence. I misspoke. There are two possible questions. On the record in front of the IJ, is there substantial evidence to support his conclusion? But then we're asked to review the decision of the BIA, which denied a motion to reopen when the new evidence comes in of the mutilation of the nephew accompanied by a threat and we're going to kill your uncle. So that's a different question. What's the standard of review of the denial of the motion to reopen? Yes, Your Honors are correct. The merits denial of the statutory withholding of removal claim, this Court reviews for, Petitioner has the burden to show that the record compels a contrary result. In terms of review for the Board's denial of the motion to reopen, that this Court reviews for an abuse of discretion to show that the Board acted arbitrarily or contrary to law. I'm not even sure it's abuse of discretion. It's somehow the likelihood of a different result, but I can't really remember how strong the likelihood has to be. I don't think it's abuse of discretion. This Court reviews that portion of the Board's decision for abuse of discretion on a motion to reopen. The Board reviews... I'm trying to give you a little leg up here. I think abuse of discretion gives us a little more leeway to say, you know what, here's some credible evidence sent back to the IJ to see what the IJ thinks of it. And, Your Honor, I appreciate the leg up, as you put it. However, the fundamental question here, and if the Court's attention is specifically on the motion to reopen, is whether the evidence that Mr. De Leon put forward met the standards under matter of Colello, and as this Court has upheld in numerous decisions, that is the proper standard. And that case, that case looks to specifically whether or not there is evidence that is material and whether evidence that has a... that will change the outcome of the case. And it's something that it's a very heavy burden to face. Change will certainly change, will probably change, will likely change. What do you mean will change? So that case establishes that there's a heavy burden. The case that both in Colello and in matter of LOG, which came after matter of Colello, specified that there is a certain likeliness, a reasonable likeliness that's required. However, specifically in the context of an already adjudicated motion, a motion to reopen of an already adjudicated case, the standard that the Court uses, that the Board uses to review that case, places a heavy burden to show that the outcome would change in that case. Here he has not presented evidence to show that. Likely to change. I mean, when you put heavy burden and likely to change together, they're almost fighting with each other. So you have a heavy burden to show that something in a much lower standard likely to change. To me, the standard's a little bit complex. But can I ask, can I ask to digress? So my notes indicate that Petitioner's been threatened with death twice, 2002 and 2017. The 2017 incident involves not just a threat, but the mutilation of a child with pliers? I mean, that seems to go way beyond the sort of that we would attribute to random street crime, violence, robberies, anything like that. I mean, that's way up there on the horror scale. How do you explain that away as not consistent with what the Petitioner is alleging? Yes, Your Honor. It's definitely graphic and heartbreaking, as I said previously. But to Your Honor's question, and if I can just, as a point of clarification, this attack occurred in 2016, the one to which Your Honor is referring. This 2016 attack was still nonetheless, the burden was on Mr. DeLeon to show that a connection, to connect this attack to the other attacks. This attack in question was, for lack of a better term, it didn't reference any other, attacks or the other cases. And as much as it may have been a extremely violent attack, it's not, it is insufficient to merely... It referenced the Petitioner. Yes, Your Honor. He did reference the Petitioner. However... You think someone's going to give a whole laundry list, remember this, remember this, remember this, remember this? Is that what you're saying? The government is saying that the burden is still on Mr. DeLeon, as he has acknowledged several times today and throughout these proceedings and before the immigration judge, he has nothing more than a gut feeling, than a subjective inference that this attack occurred because of his family ship, because of his family, his kinship. Does not, the burden is still on him to link these, to show a connection between these attacks that occurred over the span of 11 different years and that are no way connected in any other form, that don't show and don't reference those cases? What bothers me about this case is that the IJ, I think, came to a decision that we can't touch. If we look at the evidence in front of the IJ, the IJ had evidence to, or a lack of evidence that the IJ pointed to, and I think we, given the standard of review, we can't touch that. It's possible, however, maybe even likely, that the IJ would change his mind if he had this additional attack on the child, the attack that referenced Mr. DeLeon, DeLeon by name, said we're going to come after him, and we're waiting for orders from our superiors, which is to try somebody to do this. Is that going to be enough for the IJ to say you finally established the connection? I think the IJ could say no, it's not enough, or I think the IJ could say it is enough, and I'd like to hear from the IJ. Your Honor, your point is, your Honor's point is well taken. However, these cases, though, in terms of the original merits denial, there was three physical attacks with two verbal threats. On the motion to review, the only thing that changes, instead of two verbal threats, there were three verbal threats, and this is where it becomes important. It's a very specific kind of threat. It's a threat that comes from an attack on a child in the street mentioning the client, Mr. DeLeon by name, and saying we've got some people upstairs who are telling us what to do, and as soon as we get the word, bingo. I mean, that's not just one more attack. It's an attack that says, you know, we're being directed by somebody else. Yes, your Honor. However, it merely goes to the volume of the threats that the DeLeon family has experienced. It's a matter of volume. It does not show the underlying key, which is nexus, the quirk. No, but again, you're talking very much question of standard of review here. I'm not sure we're talking about matter of law. The question is, what might the IJ do with this new evidence? Is there a sufficient likelihood that the IJ might change his view of the matter if he were presented with this evidence? And that is a question that the Board addresses, and the Board, as the gatekeeper, as the body that has the ability to decide on these issues, the Board, in which this Court reviews the Board's decision, and only the immigration judge's decision to the extent that it is expressly adopted by the Board, which, in this case, the Board did not expressly adopt any portion. So only the Board's decision is up for review. Well, the Board that reopened was directed to the Board. That's correct. Yes, your Honor. So the Court reviews the Board's... So there's no IJ decision on that point whatsoever. I'm sorry? So there's no IJ decision on that point whatsoever. That's correct. This is a determination for the Board to make. And the Board found that the new evidence failed on materiality, particularly where it did not address the dispositive issue in this case, nexus. Mr. De Leon did not know the identity of the persecutors, of the people that harmed him, much less their motives. Because this evidence didn't speak to motive, at most he has an inference. And an inference alone, as he's acknowledged today, a gut feeling, a subjective belief, is not sufficient to show that the record compels a contrary result, or that the Board erred in denying the motion to reopen. Can I ask, before you run out of time, if we were to remand, would it be open to the Board to revisit the question of whether a family constitutes a particular social group in light of the more recent decisions from the Attorney General on that? Your Honor, to address your question, may I please have additional time? Yes, whatever you need. Thank you very much. As the Court is well aware, a matter of LEA did change the context of family-based particular social groups nationally. If this case was remanded, then the cognizability would, again, be at issue in this case, particularly because the Board did not decide the cognizability of this issue of the particular social group. It was just assumed, denying on the dispositive ground of nexus. Because the record does not compel a contrary result, and because the Board did not abuse its discretion in denying the motion to reopen, the Court should deny both petitions for review. Thank you. Thank you. Response? Okay. Thank you. Thank you, Your Honors. I just wanted to respond briefly. Here, the immigration judge said this is a stale case. This is whatever happened with Gandini, that's over. There's not been any recent threats, nothing since 2011. And then, boom, we have this new attack on this child with pliers and with this threat. So this is inference of nexus. We keep hearing that there's nothing here to, there's nothing qualitatively different. This is completely qualitatively different. And opposing counsel didn't mention that today, but in his briefing, qualitatively different was the phrasing. But this is inferential evidence of nexus. And people are convicted all the time on inferential evidence and on indirect evidence. And that's on the standard of proof of beyond a reasonable doubt. We're not dealing with that. We're not dealing with that. So inferential evidence is extremely strong. And, Your Honor, if I may, Your Honors, if I may address the social group issue. You're over time. Yes, please do address it. Yeah, yeah. Go ahead. I'll be brief. Thank you. The Board inferentially adopted the IJ's finding of a cognizable social group. The Board didn't say anything about it. It didn't adopt it. It didn't reject it. It said on the assumption that it didn't reach the question. Okay. Well, and even if that's true, the new case law makes clear it's just not categorically a social group. I agree with the thrust of the question of my colleague, Judge Miller. I mean, that's an open question if we were to remand. But that's not yet been determined and it's not before us. Okay. Thank you, Your Honors. Thank both sides for their arguments. De Leon versus Barr submitted for decision. The next case, Martinez Rodriguez versus Barr.
judges: W. Fletcher, Miller, Pregerson